Ahmed Zzizinga MUYINGO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–72200.

United States Court of Appeals,
Ninth Circuit.

Submitted May 20, 2013.*

Filed Sept. 9, 2013.

Ahmed Zzizinga Muyingo, pro se.

OIL, Lyle Davis Jentzer, Esquire, DOJ–
U.S. Department Of Justice, Washington,
DC, Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: HUG, FARRIS, and LEAVY,
Circuit Judges.

MEMORANDUM **

Ahmed Zzizinga Muyingo, a native and
citizen of Uganda, petitions pro se for re-
view of the Board of Immigration Appeals'
("BIA") order denying his fourth motion to
reopen proceedings. Our jurisdiction is
governed by 8 U.S.C. § 1252. We review
for an abuse of discretion the BIA's denial
of the motion to reopen, *see Toufighi v.
Mukasey*, 538 F.3d 988, 992 (9th Cir.2008),
and we deny the petition for review.

Muyingo contends that the agency
wrongly ordered him deported before
there was a final judgment in his state
criminal case and also contends that his
conviction for violating Oregon Revised
Statute § 163.411 is not an aggravated fel-
ony conviction. Muyingo's petition for re-
view of these legal issues is untimely, and
we therefore lack jurisdiction to consider
these issues. *See* 8 U.S.C. § 1252(b)(1);
*Membreno v. Gonzales*, 425 F.3d 1227,
1229 (9th Cir.2005) (en banc).

To the extent that Muyingo contends
that the BIA abused its discretion by fail-
ing to exercise its authority to sua sponte
reopen his case, we lack jurisdiction to
consider that issue as well. *See Minasyan
v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir.
2009) (recognizing that this court does not
have jurisdiction to review an alien's claim
that the BIA should have exercised its sua
sponte power to reopen); *Ekimian v. INS*,
303 F.3d 1153, 1159 (9th Cir.2002).

The BIA's denial of Muyingo's motion to
reopen for purposes of applying for defer-
ral of removal under the Convention
Against Torture was on the merits. We
therefore have jurisdiction to consider
Muyingo's contention that the BIA should
have reopened proceedings to allow him to
pursue deferral of removal. *See Alphon-
sus v. Holder*, 705 F.3d 1031, 1036–37 (9th
Cir.2013); *Haile v. Holder*, 658 F.3d 1122,
1130 (9th Cir.2011); *Lemus–Galvan v.
Mukasey*, 518 F.3d 1081, 1084 (9th Cir.
2008). The BIA did not abuse its discre-
tion in denying Muyingo's motion to re-
open as untimely and number-barred be-
cause it was his fourth motion to reopen
and filed more than 90 days after the BIA
issued its final order, and Muyingo failed
to present the material evidence of
changed circumstances in Uganda that was
required to qualify for the regulatory ex-
ception to the time and numerical limits

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

**572**

for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2), 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004) (holding that the critical question is whether circumstances in country have changed sufficiently so that the petitioner now has a legitimate claim).

We do not consider issues raised for the first time in Muyingo's reply brief. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004); *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.